NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAUL M. SANDERS,

Plaintiff-Appellant,

v.

LEGACY EMANUEL MEDICAL
CENTER, an Oregon corporation; et al.,

Defendants-Appellees.

No. 14-35977

D.C. No. 3:14-cv-00690-PK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Paul M. Sanders appeals pro se from the district court's judgment dismissing

his action alleging violations of the Emergency Medical Treatment and Active

Labor Act ("EMTALA"), 42 U.S.C. § 1395dd.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir. 2001). We reverse and remand.

The district court erred by concluding that Sanders had not stated an EMTALA claim against defendant Legacy Emanuel Medical Center. Liberally construed, Sanders alleged facts showing that he had received a different examination than would have been offered to other patients presenting similar symptoms. Sanders also alleged that as a result of the disparate screening, the hospital failed to identify an emergency medical condition and he therefore suffered harm. Assuming these allegations are true, the allegations in the First Amended Complaint were sufficient to survive a motion to dismiss. *See Jackson v. East Bay Hosp.*, 246 F.3d 1248, 1255-56 (9th Cir. 2001) (under EMTALA "the touchstone is whether . . . the procedure is designed to identify an emergency medical condition, that is manifested by acute and severe symptoms[,]" which is determined by whether an examination is comparable to that "offered to other patients presenting similar symptoms . . . ." (citation and internal quotation marks omitted)); *see also* 42 U.S.C. § 1395dd(a) (providing that "if any individual . . . comes to the emergency department and a request is made on the individual's

14-35977

behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination . . . to determine whether or not an emergency medical condition . . . exists."); *id.* § 1395dd(d)(2)(A) ("Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may. . . obtain those damages available for personal injury . . . ."); *id.* § 1395dd(e)(1) (defining "emergency medical condition"); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (noting obligation to construe pro se pleadings liberally).

Accordingly, we reverse and remand for further proceedings consistent with this disposition.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**REVERSED and REMANDED.**